Roy Lee LEDFORD, Petitioner,

v.

Robert L. HINTON and the State of North Carolina, Respondents.

No. C–C–82–32–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

May 23, 1983.

---

Roy Lee Ledford, pro se.

Barry S. McNeill, Asst. Atty. Gen., and Rufus Edmisten, Atty. Gen. of N.C., Raleigh, N.C., for respondents.

## FINAL ORDER OF DISMISSAL

POTTER, District Judge.

Roy Lee Ledford, Petitioner, seeks habeas corpus relief for his April 9, 1979 conviction upon a single charge of armed robbery in the Superior Court for Gaston County. Petitioner pleaded guilty to this charge and received a sentence of not less than seven nor more than twelve years imprisonment. In the present petition, Petitioner presents three claims for relief: (1) his Eighth Amendment rights were violated by the sentencing procedures; (2) his guilty plea was coerced; and (3) a codefendant was allowed to plead guilty to the lesser charge of common law robbery and received only a three year prison sentence.

Petitioner has presented claims (1) and (3), which are essentially identical, to the state courts of North Carolina and this Court finds that state remedies have been properly exhausted. Claim (2) has not before been presented to the state courts. However, pursuant to an Order issued by this Court on December 3, 1982, wherein the deficiencies of a mixed petition were explained, Petitioner has subsequently requested that all unexhausted claims be deleted from his petition. Consequently, this Court allows Petitioner to withdraw claim (2). However, for the reasons stated below, this Court finds no merit in the remaining claims presented by Petitioner and herewith grants the attorney general's motion and dismisses the petition.

### I.

On April 9, 1979, Petitioner appeared before Judge Robert E. Gains in the Superior Court for Gaston County, and, pursuant to a plea agreement, pleaded guilty to a single charge of armed robbery. As reflected by the record, the terms of the plea agreement were as follows:

> that the defendant shall be sentenced in the discretion of the Court, with the understanding that the minimum sentence shall be seven years, and that the Defendant's probation on a charge of possession of a controlled substance, shall be continued until expiration of the probationary period, and that the charges of attempted armed robbery and conspiracy will be dismissed (79–CR–5655 and 79–CR–5656).

Upon this plea, Petitioner received a sentence of not less than seven, nor more than twelve years imprisonment. [Tr. pp. 23–24]. The maximum sentence for armed robbery in North Carolina is life imprisonment. (NCGS § 14–87). A co-defendant, pleading guilty to common law robbery, received a three year prison sentence. [Tr. p. 22].

### II.

In claim (1) Petitioner argues that his Eighth Amendment right to be free from cruel and unusual punishment was violated when he received a seven year minimum sentence and a co-defendant, pleading to a lesser crime, received only a three year sentence. In claim (3), Petitioner reasserts the sentencing disparity and claims it is a "mockery of justice." The Court will treat both claims together.

The law of this circuit is clear that, generally, a sentence imposed by a state court which does not exceed the statutory maximum is not reviewable in a federal

habeas corpus proceeding. *Stevens v. Warden,* 382 F.2d 429, 433 (4th Cir.1967), *cert. denied,* 390 U.S. 1031, 88 S.Ct. 1423, 20 L.Ed.2d 288 (1968). More recently, the Supreme Court of the United States has refused to afford relief in cases where the petitioners have argued that their sentences were so disproportionate to the seriousness of the crime that they amounted to cruel and unusual punishment. *See Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *Hutto v. Davis,* 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (per curiam). In *Hutto,* the Supreme Court stated that

> in short, *Rummel* stands for the proposition that federal courts should be "reluctan[t] to review legislatively mandated terms of imprisonment", *id.* [445 U.S.] at 274, [100 S.Ct. at 1139] and that "successful challenges to the proportionality of particular sentences" should be exceedingly rare.

454 U.S. at 374, 102 S.Ct. at 705.

In *Rummel v. Estelle,* the Court found that it was not cruel and unusual for the petitioner to receive a term of life imprisonment under a Texas recidivist statute when he was convicted of three separate nonviolent crimes of fraud involving less than $300.00. Likewise, in *Hutto v. Davis,* it was not cruel and unusual for a jury to impose upon petitioner, who was convicted of possessing nine ounces of marijuana, a $20,000.00 fine and a forty year prison sentence.

■ In the present case, Petitioner's situation pales drastically in comparison to the circumstances in *Rummel* and *Davis.* Petitioner pleaded guilty to the offense of armed robbery pursuant to a plea agreement where he knew that he was going to receive a minimum of seven years imprisonment. Additionally, pursuant to that agreement, Petitioner's exposure was further limited by the dismissal of other charges and the continuation of his probation upon a prior conviction. Under these circumstances, this Court does not consider a sentence of not less than seven, nor more than twelve, years imprisonment for the offense of armed robbery to constitute cruel and unusual punishment.

■ Petitioner next claims that it is cruel and unusual for a co-defendant to have received a three year prison sentence. This Court, in light of recognized principles limiting federal court review of matters of discretion vested to state court judges by state legislatures, is reluctant to even discuss this claim on the merits, particularly where the sentences of the two co-defendants involves a divergence of only four to nine years. Absent extreme circumstances, the discretion of state judges to discern degrees of culpability, potential for rehabilitation, and other factors in imposing sentences among various co-defendants cannot practically or legitimately be reviewed by a federal court in a habeas proceeding. However, having examined the transcript, it appears that Petitioner, using a firearm, was the only one who actually robbed the drug store while the co-defendants waited in a car outside. Although this Court does not feel that it is necessary to justify the sentencing discrepancy by reviewing and referring to the factual record, it is so blatantly obvious in this case that Petitioner was the primary actor in the robbery that his claim regarding the sentencing discrepancy is immediately seen to be patently frivolous.

Therefore, having reviewed the record and considered each of Petitioner's claims, this Court finds that Petitioner is not entitled to the relief sought, and HEREBY ORDERS that the writ of habeas corpus be denied and that the Attorney General's Motion to Dismiss the petition be granted.

Petitioner is advised that he may appeal *in forma pauperis* from this *final* Order by forwarding a written notice of appeal to the Clerk of the United States District Court, 401 West Trade Street, Charlotte, North Carolina 28202. Said *written* notice of appeal must be received by the Clerk within thirty (30) days from the date of filing of this final Order, and may be filed without the prepayment of costs or the giving of security therefor. The Court declines to issue a certificate of probable cause in this case.